UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FLOYD MAY,

   Plaintiff,

v.                                                                                                                                                               04-1127

PAULA RICH,

   Defendant,

## ORDER

      The plaintiff alleges in part that defendant Rich has engaged in a pattern of retaliation against him for his grievances and lawsuits, and has acted to prevent him from filing grievances and lawsuits. Part of that retaliation was Rich's alleged involvement in notarizing forged affidavits for voluntary dismissal, which resulted in the dismissal without prejudice of 14 lawsuits filed by the plaintiff in this court. In those 14 lawsuits, the court denied the plaintiff's motion to reinstate, concluding after testimony from Rich and the plaintiff that the plaintiff's testimony that he had not signed the voluntary dismissals was not credible. *See, e.g., May v. Rich*, 03-1085 (C.D. Ill.)(order entered 1/27/04).

      Before the court is defendant Rich's partial motion to dismiss on grounds of collateral estoppel. Rich argues that the court's conclusion that the plaintiff's testimony was not credible estops his claim about the voluntary dismissals. The collateral estoppel doctrine applies when a party has already had a "fair chance" for a "full and fair hearing." *In re Catt*, 368 F.3d 789, 792 (7th Cir. 2004).

      The court does not believe collateral estoppel applies in these circumstances. While the plaintiff did testify at the hearing in those 14 cases, he did not have an opportunity to cross-examine Rich, nor did he have an opportunity to conduct any discovery. He says now that he has corroborating evidence that Rich's testimony was false — prison records that allegedly show she was not assigned to his area during the relevant time; an inmate-witness's testimony that Rich never visited the plaintiff's cell to notarize the dismissals like she said; and evidence that Rich routinely notarizes signed documents through the mail without ever speaking to the purported signatory. These allegations may all turn out to be false, but they show that the plaintiff did not receive a sufficiently "full and fair" hearing to collaterally estop him from pursuing the claim. The purpose of the hearing in the 14 cases was to determine whether they should be reopened based solely on the plaintiff's testimony. The court said no, but the stakes were low. The dismissals had been without prejudice, leaving the plaintiff free to refile if they were not reopened. A "full hearing" within the meaning of collateral estoppel was therefore not necessary nor intended in those cases.

IT IS THEREFORE ORDERED:

      1) Defendant's partial motion to dismiss is denied (d/e 15).

      2) Discovery closes January 31, 2006.

      3) Dispositive motions are due February 28, 2006.

Entered this   28th   day of   September  , 2005.

                                                                                   S/Harold A. Baker

                                                              HAROLD A. BAKER
                                                     UNITED STATES DISTRICT JUDGE